UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

In re Ocean Development Partners, LLC                     Docket #22-10043

In re Gotspace Data Equity Fund, LLC                      Docket#22-10044

**MOTION TO DETERMINE THE APPLICABILITY OF THE AUTOMATIC STAY**

Now Come Debtors, Ocean Development Partners, LLC and Gotspace Data Equity Fund, LLC ("Related Debtors"), who are solely owned by Nicholas Fiorillo ("Fiorillo"), and respectfully requests that this Honorable Court determines the applicability of the automatic stay pursuant to 11 U.S.C Section 362(a) to corporations solely owned by Nicholas Fiorillo and whose assets will play a detrimental role in the successful reorganization of the Debtors who are the borrowers in all related actions.

Related Debtors request that such determination is made after Debtor timely complies with all the orders to update due unless this Court determines that a different timeline is warranted.

There is a hearing on the determination of the automatic stay pursuant to 11 U.S.C Section 362 tomorrow at 10:00 AM at the Commonwealth of Massachusetts Superior Court. Related Debtors will notify such court of the filing of this Motion and will defer to their best judgment on the matter regarding whether to hold such hearing before this Court rules on this matter[1].

However, if this Court determines that determination is needed forthwith, Related Debtors are capable to submit their statements in an emergency basis (See below statements).

---

[1] Debtor reserves the right to appeal any decision made by the Massachusetts Superior Court.

In support, Related Debtors state as follow:

1) Both Debtors filed for emergency bankruptcy protection on January 14, 2022 in order to stay civil litigation actions against Fiorillo's corporations in various jurisdictions for collection of moneys related to loans of the Related Debtors. The debts are disputed but such is not a matter for determination at this time in this Motion.

2) As to the Commonwealth of Massachusetts state courts, the Related Debtors informed the Massachusetts Superior Court on January 14, 2022 of the bankruptcy filings in order to stay an attachment hearing on Fiorillo's assets since Fiorillo owns all the assets of all the corporations in bankruptcy as well as all the assets in all the corporations not subject in bankruptcy proceedings but subject to the *reach and apply* requests in front of various courts in various jurisdictions by various Plaintiffs.

3) The Related Debtors acknowledge that 11 U.S.C Section 362(a)(1) does not apply to " separate legal entities such as corporate affiliates, partners in debtor partnerships or to codefendants in pending litigation." Slabicki v. Gleason (In re Slabicki), 466 B.R. 572, 580 (B.A.P. 1st Cir. 2012) as stated by Samuel B. Spitalny, Jacob L. Spitalny, Stephen Quillinan, and S&Q Data,LLC, ("Plaintiffs") in the Massachusetts civil action no. 2184CV02894 in their submitted Bench Memorandum in the pending state court litigation **(See Exhibit A).**

4) Plaintiffs also stated in their bench memorandum that "…the sole exception is when an action not subject to the automatic stay[2] is "interfering improperly with the purposes of the bankruptcy law or the debtor's reorganization efforts." efforts." Id. But that exception

---

[2] Debtor is not waiving the argument that the action is subject to the automatic stay.

can only be invoked by the bankruptcy court through an injunction "after determining that the situation requires it to protect the interests of the bankruptcy estate." Id. As is apparent from the bankruptcy court docket sheet attached as Exhibit A, no such injunction has been granted."

5) Related Debtors take notice of the above statements in #4. However, Related Debtors at this point are not in a position to ask this Bankruptcy Court for such injunctive relief as they are at the onset of their reorganization filing, the 341 meetings have not taken place and the bankruptcy schedules are not due for submission at this time per the orders to update. However, Debtors have complied with all other court orders. That is, this Court cannot possible make any determination regarding the applicability of the automatic stay on Fiorillo's corporations until all due pleadings are filed. The deadline to file such due items is February 1, 2022. However, if this Court determines that determination is needed forthwith, Related Debtors are capable to submit their statements in an emergency basis.

6) 11 U.S.C. § 1334(b) grants bankruptcy courts original but not exclusive jurisdiction over determining whether the automatic stay applies in civil proceedings arising under the Bankruptcy Code. However, Related Debtors do not believe that the state courts have jurisdiction to decide whether the lack of imposition of the automatic stay will affect the reorganization efforts of the Debtor as such is for the bankruptcy court to decide. That is, if all state courts are allowed to take jurisdiction over bankruptcy matters there will be no purpose for bankruptcy courts.

7) Related Debtors have other creditors and they were not noticed on the actions of Plaintiffs at the Massachusetts Superior Court. Such other creditors shall also have a say in any and all matters related to the successful reorganization of the Debtors as they will

have to vote on Related Debtors' reorganization plans. Article I, Section 8, Clause 4 of the United States Constitution authorizes Congress to enact "uniform Laws on the Subject of Bankruptcies."

8) Consequently, if every state judge in various jurisdictions in the Unites States is allowed to issue their own interpretation on the applicability of the automatic stay or bankruptcy laws there will be no purpose for Article I, Section 8, Clause 4 as mentioned above.

WHEREFORE, Related Debtors request that this Court schedules a hearing on the determination of the automatic as it relates to the various corporations of Fiorillo at a date and time this Court determines reasonable as stated above and for all any other relief deemed necessary and proper.

Dated January 19, 2022

Respectfully Submitted By
Ocean Devolpment Parners, LLC
Gotspace Data Equity Fund, LLC
Through Counsel,
Perez-Kudzma Law Office,, P.CP.C
/s/ Carmenelisa Perez-Kudzma 3
35 Main Street, Suite 1
Wayland MA 01778
BBO#633520
carmenelisa@pklolaw.com
978-505-3333

CERTIFICATE OF SERVICE

I, Carmenelisa Perez-Kudzma, hereby certify that on January 19, 2022 after 6pm a true copy of **Debtor's Motion to Employ Carmenelisa Perez-Kudzma and the Perez-Kudzma Law Office as Counsel** (with **Affidavit of Carmenelisa Perez-Kudzma in Support of Debtor's Motion to Employ Carmenelisa Perez-Kudzma and the Perez-Kudzma Law Office as Counsel** was served to all CM/ECF participants:

Office of the U.S. Trustee via ECF

```
 See Attached
mailing list via
first class mail
```

        /s/ Carmenelisa Perez-Kudzma
        Carmenelisa Perez-Kudzma

_____

18 MillSt. LLC
268 Newbury St.
Boston, MA 02116

Barry Bros. Disposal
P.O. Box 650040 Newton,
MA 02465-0040

Campbell Landscape, Inc.
P.O. Box 666
Barnstable, MA 02668-0666

Eversource 247 Station Drive
Westwood, MA 02090-2398

Franco's Painting 74 Nixon Rd.
Framingham, MA 01701

Loud Fuel Company
552 Thomas B. Landers Rd.
East Falmouth, MA 02536

National Grid
P.O. Box 11736 Newark, NJ 07101-1736

Ocean Development, LLC
3 Kales Way
Harwichport, MA 02646

Ocean Development Partners, LLC
268 Newbury St., 4th Floor
Boston, MA 02116

Ocean Luxury Real Estate
268 Newbury St., 4th Floor
Boston, MA 02116

Ocean Pools
161 Queen Anne Road
Harwich, MA 02645-2406

P&M Site Services
10 Orange Rd.
Nantucket, MA 02554

Raymond C. Green Companies
155 Federal Street, Suite 1300
Boston, MA 02110

Rex Electric 2045 Main St.

Mashpee, MA 02649

Todd Stamoulis
c/o Jennifer L. Conrad, Esquire
SEDER & CHANDLER, LLP
Burnside Building 339 Main Street
Worcester, MA 01608-1585

Tom Landscape, fnc.
61 Old South Rd.
Nantucket, MA 02554

Town of Nantucket Water Dept.
1 Milestone Road
Nantucket, MA 02554-6097

Town of Newton Assessors Dept.
1000 Commonwealth Avenue
Newton,MA 02459-1449

Town of Newton
Water & Sewer Division
1000 Commonwealth Avenue
Newton, MA 02459-1449

Town of Yarmouth Assessors
Dept. 1146 Route 28
South Yarmouth, MA 02664-4491

Town of Yarmouth
Water Department
99 Buck Island Road
West Yarmouth, MA 02673-3672

United Site Services NE
P.O. Box 5502
Binghamton, NY 13902-5502

Waste Management
68 Hopkinton Rd.
Westborough, MA O1581

Xfinity
5 Omni Way
Chelmsford, MA 01824-4142

David J. Reier
Arent Fox LLP
Prudential Tower
800 Boylston Street, 32nd Floor

Boston, MA 02199-8004