UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

In re Ocean Development Partners, LLC　　　　　　　　　Docket #22-10043

**RESPONSE AND OPPOSITION TO:**

**UNITED STATES TRUSTEE'S MOTION TO CONVERT DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7 (EMERGENCY HEARING REQUESTED) (WITH CERTIFICATE OF SERVICE)**

Debtor respectfully responds to the United States Trustee's Motion to convert as follows:

**Introduction**

Debtor takes notice of the Motion filed to convert to Chapter 7 in an emergency basis.

**EMERGENCY HEARING REQUESTED**

1) Debtor has provided the United States Trustee's office with proof of insurance on the only two real estate properties owned by the Debtor. There are no other properties or insurable current operations.
2) The insurance binders have been submitted to the United States Trustee's Office.
3) Debtor takes notice of the request.

**JURISDICTION, VENUE AND LEGAL BASIS FOR RELIEF**

4) Debtor admits and agrees. However, there is a matter pending at the Suffolk Superior Court regarding the collection of debts of the Debtor which has not been stay. Thus, the Suffolk Superior Court has not released jurisdiction to this Court regarding the collection of those debts.
5) Debtor admits.
6) Debtor admits.
7) Debtor takes notice.

**FACTS**

8) Debtor admits that Debtor owns two real estate properties and that Debtor has significant money claims against various individuals. However, the debts of the Debtor are disputed as most have been satisfied. These disputes are currently been litigated at the Suffolk Superior Court despite the fact that Debtor filed for bankruptcy and despite Debtor's opposition in such court.
9) Debtor admits.
10) Debtor states that all assets were duly insured before the petition was filed. Debtor's principal was only able to provide proof of insurance recently due to the fact that he

Document    Page 2 of 3

had been out of state and due to the fact that the bankruptcy petition was filed in an emergency basis on January 14, 2022 in order to stay disputed collection actions at the Suffolk Superior Court.

11) Debtor's Counsel submitted the information and responded regarding the information required immediately when she had it in her possession and/or when she was provided with information. Debtor also responded to other prior inquiries by the U.S. Trustee's Office regarding known information.

## I. ARGUMENT

**A. The Court Should Not Immediately Convert The Debtor's Chapter 11 Case For "Cause" Under 11 U.S.C. § 1112(b)(4).**

**i. The United States Trustee**

12. Debtor takes notice.

**ii. The Guidelines.**

13. Debtor takes notice.

14. Debtor takes notice.

**iii. "Cause" no longer exists under subsection (H).**

15. Debtor takes notice.

16. Debtor takes notice.

17. Debtor has provided evidence of insurance in all insurable assets.

18. Debtor objects to the request and that in the alternative Debtor asks for dismissal. Most of the debts are disputed. However, all insurances have been provided.

**iv. "Cause" no longer exists under subsection (C).**

19. Debtor takes notice.

20. Debtor takes notice but Debtor states that all insurances have been provided.

21. Debtor requests that this Court denies the requests and that in the alternative Debtor asks for dismissal. Most of the debts are disputed. However, all insurances have been provided.

**B. Conversion Is Not in The Best Interest Of Creditors And The Estate.**

22. Debtors states that the most of the debts of the Debtor are disputed, the jurisdiction over the collection of those disputed debts has been taken by the Suffolk Superior Court which is now entertaining attaching other property of the principal to provide security over the disputed debts of the Debtor. Thus, conversion at this point is a harsh remedy and will not allow Debtor to reorganize and pay the due and valid debts.

**REQUESTED RELIEF**

For the reasons stated above, Debtor requests that this Court denies the request for conversion and allows Debtor to proceed with a plan of reorganization. In the alternative, that this Court dismisses the matter so Debtor can continue with the debt dispute litigation at the Suffolk Superior Court.

Dated: January 24, 2022

Respectfully Submitted By
Ocean Development Partners, LLC
Through Counsel,
Perez-Kudzma Law Office,, P.CP.C
/s/ Carmenelisa Perez-Kudzma 3
35 Main Street, Suite 1
Wayland MA 01778
BBO#633520
carmenelisa@pklolaw.com
978-505-3333

**CERTIFICATE OF SERVICE**

I certify that on January 24, 2022, true and correct copies of the foregoing motion were served by CM/ECF only upon the individuals who filed notices of appearance in the Court's CM/ECF database, including WILLIAM K. HARRINGTON UNITED STATES TRUSTEE REGION 1B through Eric K. Bradford Eric K. Bradford (Eric.K.Bradford@USDOJ.gov) BY CM/ECF.

Also by CM/ECF

David J. Reier on behalf of

Creditor Raymond C. Green, Inc. david.reier@arentfox.com, dreier@pbl.com