**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(Eastern Division)**

| | |
|---|---|
| In re:<br><br>OCEAN DEVELOPMENT PARTNERS, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10043-FJB |

**OPPOSITION OF RAYMOND C. GREEN TRUST TO MOTION TO DETERMINE THE APPLICABILITY OF THE AUTOMATIC STAY**

Raymond C. Green, Inc., as Trustee of the Raymond C. Green Trust ("Trust"), by its attorneys, hereby opposes the Motion to Determine the Applicability of the Automatic Stay [Docket No. 12] ("Motion to Determine").

**Brief Relevant Background**

The Trust is the principal secured creditor of the within debtor, Ocean Development Partners, LLC ("Debtor"), holding first mortgages on Debtor's principal assets, two partially gutted houses undergoing renovation in Newton, Massachusetts, which mortgages secure an indebtedness of approximately $6.6 million. The indebtedness is personally guaranteed by two individuals, Nicholas Fiorillo and Louis Delpidio, who, on information and belief, together own, directly or indirectly, 100% of the equity in the Debtor. The Trust presently projects a deficiency of at least $2 million.

The Trust has commenced an action in state court against the two guarantors to enforce the personal guaranties, Raymond C. Green, Inc., as Trustee of the Raymond C. Green Trust v. Louis Delpidio and Nicholas Fiorillo, Suffolk Superior Court, Docket No. 2184-CV-02950. Among other things, the Trust was seeking a reach and apply order against 23 entities in which it is believed that one or both guarantors have direct or indirect interests. Among the 23 reach and

AFDOCS/25236127.1

apply defendants are the Debtor and the related debtor, Gotspace Data Equity Fund, LLC ("Gotspace"), which filed chapter 11 pending as Case No. 22-10044. In state court, the Trust agreed not to seek at this time any reach and apply order against the Debtor or Gotspace, but the Trust continues to prosecute its claims against the two guarantors and to seek reach and apply orders against the remaining 21 reach and apply defendants.

## Grounds for Opposition

The grounds for Opposition are set forth below.

1. The Motion does not specify the relief it seeks, but only that this Court "schedule[] a hearing on the determination of the automatic stay as it relates to the various corporations of Fiorillo [presumably, the remaining 21 reach and apply defendants] … ."

2. To the extent the Motion to Determine seeks an advisory opinion from this Court as to the scope of the automatic stay, the Motion is improper.

3. To the extent the Motion seeks declaratory relief as to a specific proposed scope (e.g., a declaration that the automatic stay protects the reach and apply defendants), the Motion is improper in that it fails to specify what declaration is sought, and any such request for declaratory relief must in all events be brought by adversary proceeding. Fed. R. Bankr. P.7001(9).

4. To the extent the Motion to Determine seeks to extend the automatic stay to protect the non-debtor personal guarantors and/or the interests of the personal guarantors in various non-debtor entities, the Motion is improper in that any such extension requires injunctive relief that can only be sought by adversary proceeding. *Slabicki v. Gleason (In re Slabicki)*, 466 B.R. 572, 580 (1st Cir. B.A.P. 2012); Fed. R. Bankr. P. 7001(7).

AFDOCS/25236127.1

5. Even if this Court were to consider extending the stay by injunction through motion practice rather than adversary proceeding, the Motion to Determine is woefully deficient in that it fails to allege, let alone demonstrate by clear and convincing admissible evidence, the grounds upon which any such extension might be warranted. See *Katz v. Liberty Power Corp., LLC*, 2021 WL 4459524, at *2 (D. Mass. 2021) (moving party must demonstrate by clear and convincing evidence that the standards for extending the stay are met, such as "(i) the non-debtor and debtor enjoy such an 'identity of interests' that the suit of the non-debtor is essentially a suit against the debtor; or (ii) the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization") (quoting *Slabicki*, 466 B.R. at 580)).

WHEREFORE, the Trust respectfully requests that this Court deny the Motion to Determine.

**Raymond C. Green, Inc., as Trustee of the Raymond C. Green Trust.**

By its attorney,

*/s/ David J. Reier*
David J. Reier, BBO #546202
Arent Fox LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA  02199-8161
617-973-6145
Email:  david.reier@arentfox.com

Dated:   January 31, 2022

3

AFDOCS/25236127.1

## CERTIFICATE OF SERVICE

    IT IS CERTIFIED that the foregoing document was filed this 31st day of January, 2022 through the ECF filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                           */s/ David J. Reier*
                                           David J. Reier