UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Ocean Development Partners, LLC | Docket #22-10043 |
| In re Gotspace Data Equity Fund, LLC | Docket#22-10044 |

AFFIDAVIT:

Nicholas Fiorillo

SEE ATTACHED

**AFFIDAVIT OF NICHOLAS FIORILLO IN SUPPORT OF MOTION TO EXPAND THE AUTOMATIC STAY TO ALL RELATED COMPANIES AND REQUEST FOR EVIDENTIARY HEARING**

I, Nicholas Fiorillo, make this affidavit based on my personal knowledge under oath:

1. I am a real estate development professional with more than two decades of experience identifying real estate purchase and development opportunities, organizing investors and business partners, and bringing those opportunities to fruition while delivering substantial profits to those investors and partners.

2. Over the 5 years and a half, as a result of my investment of sweat capital, personal funds, and business acumen, I have identified and developed a unique opportunity purchase suitable land for the development single family luxury homes, national self-storage assets and perused the development of data centers and other digital infrastructure in the New England corridor. Demand is high for such digital infrastructure services, and it is difficult to identify the land necessary to support this type of infrastructure because large tracts of land are required, the data centers must be located in proximity to sufficient utilities including broadband and electricity, and the land must be zoned in a way that allows for such development.

3. As part of my development business I have multiple companies that I am the sole manager and super majority stakeholder of , where all these companies financial businesses, loans and credit lines are often cross collateralize with each other and are interrelated in my real estate financing of such developments. Our companies set out to purchase suitable land throughout New England to be developed into up to 6.5 million square feet of connected data centers and digital infrastructure where we have received loans for the benefit of Ocean Development Partners and it's affiliates Ocean Companies from both Raymond Green and S & Q Data Partners. Where many of the loan advances where cross-collateralize with all of my companies corporate guarantees and we have even now over $5,500,000 million dollars in good faith deposit monies we have with the sellers of our vaulable data land, where approximately $3,000,000 million dollars in on deposit with CATIC for our contemplated land purchases .

4. Our intent is complete two successful Chapter 11 reorganization plans plans in short order and look repay our financial obligations and hopeful realize substantial profits. We have already obtained commitments to repay our loans to our creditors but these creditors have now "ganged up" on my companies and do not want to be repaid and are now focused on usurping over $500,000,000 in equity that has been realized in our real estate investments. I founded and formed Gotspace Data Partners, LLC and other affiliated Gotspace entities including but not limited to Got Space, LLC; Gotspace Data Equity Fund, LLC; Gotspace Equity Fund 1, LLC; and Gotspace Equity Fund I, LLC. I also founded Ocean Development Partners and its affiliated companies and I am the sole manager of same. We expect the total value of the venture will be between $2 billion and $5 billion for Data and the future value

of our Newton Development projects at between $12,000,000 and $14,000,000 million dollars .

Signed under the pains and penalty of perjury this 8th day of February 2022

Nicholas Fiorillo, Individually and on behalf of Ocean Development Partners, and Gotspace Data Equity Fund.

5. In late 2019 and early 2020, McLaughlin and the Firm represented and advised me and Got Space, LLC related to the company's purchase of self-storage facilities located in Beverly and Gloucester, Massachusetts. Among other things, McLaughlin advised me and the company with regard to the purchase and sale agreement and amendments thereto. Their representation included important legal advice against indemnifying the sellers of the properties for environmental issues that could arise after consummation of the deal. During the course and scope of his representation, I provided confidential information to McLaughlin regarding my business strategy, personal and company finances, and other confidential matters to facilitate his representation. During the course and scope of his representation, McLaughlin and the Firm requested that me and my then business partner Brian Sheehan each wire $30,000 to Rising Tides, LLC. True and correct copies of late 2019 and early 2020 email chains showing McLaughlin's involvement as my attorney are attached hereto as Exhibit 6.

6. At the January 14, 2022 hearing in this action, conducted by Zoom, which I was logged into and observed, George admitted that he is a part owner in the Mall Property.

7. The Court expressed concern that on January 11, 2022, George, as one of the owners of the Mall Property, paid consideration to me for the purchase of 1% of my interest in one of the Mall Property parcels while simultaneously representing the Spitalny Actors against Fiorello. The Court instructed George to file a notice of potential conflicts with regard to his representation of the Spitalny Actors and to notify his clients of his potential conflict of interest.

8. As McLaughlin, the Firm, and the Spitalny Actors admit in their Emergency Motion in Opposition to Green's Motion for Writ of Attachment in Suffolk Superior Court Action No. 21-2950 (the "Green Action"), I own a controlling interest in GEFI. [Green Action Dkt. No. 6.]

9. I am the sole Manager of GEFI. A copy of the Entity Report for GEFI printed from the Massachusetts Secretary of State's website is attached hereto as Exhibit 7, *accessed* January 14, 2021.]

10. Initially, S&Q, LLC was a manager of GEFI. However, by written agreement of a majority of the members of GEFI, S&Q, LLC was removed as a manager of GEFI consistent with the terms of the company's operating agreement.

11. Contrary to the allegations in the Spitalny Actor's Emergency Motion in Opposition to Green's Motion for Writ of Attachment, S&Q, LLC is not a manager of GEFI.

12. As the sole Manager of GEFI and as owner of a controlling interest in the company, at no time did I retain or agree to retain McLaughlin or the Firm as counsel for GEFI.

13. Neither S&Q nor the Spitalny Actors had any authority to retain McLaughlin or the Firm as counsel for GEFI to bring Suffolk Superior Court Case Nos. 21-2894-H (the "Spitalny Action") or for any purpose.

14. To the extent that McLaughlin purports to or did represent GEFI at any time, by way of this affidavit and in my capacity as GEFI's sole Manager, any such representation is hereby terminated and McLaughlin is not authorized to maintain any action on behalf of GEFI or represent GEFI in any manner.

15. Starting in September 2021 and through early December 2021, Attorney Neil Kreuzer sent several Notices of Disqualification McLaughlin advising the firm of their impermissible conflicts between me, their current clients, and themselves and demanding that they cease and desist taking any positions adverse to me, the Gotspace entities, and/or any other of my businesses. Attorney Kreuzer has provided these notices to me and true and correct copies of several of the notices are attached hereto as Exhibit 8.

16. McLaughlin has refused to stop taking positions adverse to me and my business interests, have denied they ever represented me or my businesses at any time, and have and continue to refuse to stop taking positions adverse to me and my businesses.

17. George exploited the confidential information he learned from his representation of me and my businesses and to obtain leverage against me with regard to the Swansea Mall and his representation of himself and the other owners against me. He has and continues to use my private and confidential information learned from his representation of me to the advantage of his current clients, the Spitalny Actors, so that he put me in disadvantageous financial and business positions in an effort to force me to give up valuable interests in the Gotspace Data venture.

18. In conversations with McLaughlin in 2021, he tried to bully me into paying him a $100,000 cash "retainer" and to give him 50% of my interest in various properties in which I have substantial ownership interests. In exchange, he promised to deal with the Spitalny Actors, who were obstructing the data center development venture. He suggested that if I did not agree, my life could be in danger. George has made clear to me that he wants to obtain an ownership stake in the Gotspace Data venture, and he is using my private and confidential information against me to force me into surrendering part of my interest in the same to him.

19. At no time in my individual capacity or my capacity as manager and/or controlling owner of the Gotspace Entities have a I given any consent to the McLaughlin Lawyers to represent the Spitalny Actors or anyone else against me or my companies. I never will. If I were to do so, I would be in breach of my fiduciary duties to the Gotspace Entities and their other investors and owners.

20. At no time through the present have the McLaughlin Lawyers contacted me to request my informed, written consent to allow them to represent or work with the Spitalny Actors or anyone else in a position adverse to me or the Gotspace Entities.

21. At no time through the present did George ever disclose to me or explain that his representation of me in the Mall Property and ownership interest in the same could and

likely would, lead to actual conflicts of interest between me, him, and/or other of his clients. He did not advise me to retain separate counsel to advise me on whether such arrangements were prudent given the potential for conflicts.

Signed under the pains and penalties or perjury,

Dated: January 19, 2022          _/s/ Nicholas Fiorillo_
                                        Nicholas Fiorillo

**CERTIFICATE OF SERVICE**

I, Roshan Jain, attorney for Defendants Nicholas Fiorillo, Gotspace Data Equity Fund, LLC, and other related Gotspace Reach and Apply Defendants, hereby certify that I caused a true copy of the within document to be served upon the following via e-mail on January 19, 2022:

George A. McLaughlin, III, Esquire
Joel E. Faller, Esquire
Mathew E. Burke, Esquire
THE McLAUGHLIN BROTHERS, P.C.
One Washington Mall, 16th Floor
Boston, MA  02108-2605
giii@mclaughlinbrothers.com

                                        _/s/ Roshan Jain_
                                        Roshan Jain