UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>OCEAN DEVELOPMENT<br>PARTNERS, LLC,<br><br>                Debtor | Chapter 11<br>Case No. 22-10043-FJB |

### UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY SHAWN M. MASTERSON AND SHAPIRO DORRY MASTERSON, LLC AS SUCCESSOR BANKRUPTCY COUNSEL (WITH CERTIFICATES OF SERVICE AND CONFERENCE)

William K. Harrington, the United States Trustee for Region 1, objects to the application (DE40) ("Application") filed by Ocean Development Partners, LLC ("ODP") to retain Shawn M. Masterson, Esq. ("Masterson") and his law firm, Shapiro Dorry Masterson, LLC, as ODP's successor bankruptcy counsel, because he holds a material adverse interest to the estate under 11 U.S.C. § 327(a).

The Application also fails to provide sufficient disclosure of Masterson's connections and his compensation arrangements as required by 11 U.S.C. §§ 327(a), 329(a) and 504 and Fed. R. Bankr. P. 2014 and 2016(b).

Because the Application does not comply with the Bankruptcy Code and the Bankruptcy Rules, the Court should deny it.

1

## PRELIMINARY STATEMENT

A debtor-in-possession may employ one or more attorneys to assist it in fulfilling its fiduciary duties under the Bankruptcy Code, so long as the attorney does not hold an interest adverse to the estate and is disinterested. 11 U.S.C. § 327(a).

A proposed attorney must also disclose all connections with the debtor, insiders, creditors and the United States Trustee and his compensation arrangements, including whether he intends to share fees. 11 U.S.C. §§ 101(31), 327(a), 329 and 504 and Fed. R. Bankr. P. 2014(a) and 2016.

Nicholas Fiorillo ("Fiorillo") is a person in control of ODP and its affiliate, Gotspace Data Equity Fund, LLC ("Gotspace") and, therefore, is an insider under 11 U.S.C. § 101(31)(B). Gotspace also lists Fiorillo in its schedule "E/F" as holding undisputed pre-petition claims totaling $40,700,000.

In the Application, Masterson admits that he currently represents ODP, Gotspace and Fiorillo in pending Massachusetts Superior Court reach and apply actions ("Reach and Apply Actions"). Masterson also admits that he represents Fiorillo in a separate "Connecticut Superior Court matter" ("Connecticut Litigation").

These connections constitute an actual conflict and/or material adverse interest that disqualifies Masterson from serving as counsel to ODP and

Gotspace under 11 U.S.C. §§ 101(31) and 327(a) and Fed. R. Bankr. P. 2014(a).[1]

The Application also fails to provide sufficient disclosure of Masterson's connections and his compensation arrangements as required by 11 U.S.C. §§ 327(a), 329(a) and 504 and Fed. R. Bankr. P. 2014 and 2016(b).

These deficiencies constitute an independent basis for denying the Application.

In support, the United States Trustee states:

**JURISDICTION, VENUE AND LEGAL BASIS FOR RELIEF**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper in this court under 28 U.S.C. §§ 1408 and 1409.

4. The legal basis for relief includes 28 U.S.C. §§ 586(a)(3)(I), 11 U.S.C. §§ 101(31), 307, 327 and 329, Fed. R. Bankr. P. 2014 and 2016 and MLBR 2014-1.

---

[1] The United States Trustee has simultaneously objected to Gotspace's Application. *See* Case No. 22-10044-FJB, DE45.

**FACTS**

    **A.**    **The bankruptcy court dismisses two 2021 chapter 11 cases filed by Ocean Realty Partners, LLC, a co-debtor of ODC and Gotspace owned by Fiorillo.**

5.    Ocean Realty Partners, LLC ("ORP") filed two voluntary chapter 11 cases on January 11 and November 1, 2021, respectively. Case Nos. 21-10025-JEB and 21-11593-JEB.

6.    Eric Appleton signed ORP's petitions as "Manager." Case No. 21-10025-JEB, DE1. Case No. 21-11593-JEB, DE1.

7.    ORP filed schedules and SOFA in its first case. In response to SOFA question 28, ORP claimed that Fiorillo was its 100% member. Case No. 21-10025, DE16 at 22.

8.    In their schedule "H," ODP and Gotspace listed each other and ORP as co-debtors. Case No. 22-10043-FJB, DE27 at 23; Case No. 22-10044-FJB, DE29 at 22.

9.    ORP failed to file schedules and SOFA in its second case. Case No. 21-11593-JEB.

10.    The United States Trustee convened five section 341 meetings in ORP's first case. Case No. 21-10025-JEB. *See* docket entries at February 16 and 26, March 11 and 19 and April 8, 2021.

11.    ORP never appeared for the section 341 meeting scheduled in its

4

second case. Case No. 21-11593-JEB. *See* docket entry at December 1, 2021.

12. The Court granted the United States Trustee's motions to dismiss both of ORP's chapter 11 cases for cause under 11 U.S.C. § 1112(b)(4), because, among other things, it failed to employ counsel and to submit documents reasonably requested by the United States Trustee. Case No. 21-10025-JEB, DE21; 26. Case No. 21-11592-JEB, DE15; 18.

**B. ODP and Gotspace file chapter 11 petitions.**

13. On January 14, 2022, Fiorillo caused voluntary chapter 11 petitions to be filed on behalf of ODP and Gotspace. Fiorillo signed each LLC's petition as "sole manager/office owner." Case No. 22-10043-FJB, DE1; Case No. 22-10044-FJB, DE1.

14. Fiorillo, as "President and Manager," caused each debtor to file a "statement regarding authority to sign and file petition" in which he claimed that "on January 13, 2022 . . . the Board of Directors of [each] corporation" authorized him to file bankruptcy cases on its behalf. Case No. 22-10043-FJB, DE5; Case No. 22-10044-FJB, DE5.

15. Fiorillo caused each debtor to file a "List of Equity Holders" stating that he was its "100% Common Equity" owner. Case No. 22-10043-FJB, DE30; Case No. 22-10044-FJB, DE32.

16. In its schedule "A/B," ODC stated that, as of the petition date, it

had $17 in a checking account.  Case No. 22-10043-FJB, DE27 at 2.

17.    In its schedule "A/B," Gotspace stated that, as of the petition date, it had $500 in a checking account.  Case No. 22-10044-FJB, DE29 at 2.

18.    In their schedule "H," ODP and Gotspace listed Fiorillo as a co-debtor.  Case No. 22-10043-FJB, DE27 at 24.  Case No. 22-10044-FJB, DE29 at 23.

19.    In its schedule "E/F," Gotspace stated that Fiorillo held pre-petition, undisputed, unsecured claims for salary of $700,000 and "Pledged Equity and Loans" totaling $40,000,000.  Case No. 22-10044-FJB, DE29 at 15.

20.    In response to ODC and Gotspace's SOFA questions 1 and 2, Fiorillo stated that the debtors booked no business or non-business revenue for the past two years.  Case No. 22-10043-FJB, DE26 at 1.  Case No. 22-10044-FJB, DE30 at 1.

21.    In response to ODP's SOFA question 28, Fiorillo stated that he owned 100% of the interests in ODP and was "Owner/Manager/Principal." Case No. 22-10043-FJB, DE26 at 13.

22.    In response to Gotspace's SOFA question 28, he stated that he owned 100% of the interests in the Gotspace and was "Owner and Principal." Case No. 22-10044-FJB, DE30 at 13.

23.    Fiorillo signed ODP's schedules and SOFA under penalty of

6

perjury in his capacity as its "Principal." Case No. 22-10043-FJB, DE27 at 27; DE26 at 14.

24. Fiorillo signed Gotspace's schedules and SOFA under penalty of perjury in his capacity as its "Owner/Principal." Case No. 22-10044-FJB, DE29 at 26; DE30 at 14.

### C. ODP and Gotspace employ Carmenelisa Perez-Kudzma as their general bankruptcy counsel. The Court denies their motions to extend the automatic stay.

25. The Court granted ODP and Gotspace's applications to employ Carmenelisa Perez-Kudzma, Esq. as their general bankruptcy counsel. Case No. 22-10043-FJB, DE11; 32. Case No. 22-10044-FJB, DE8; 32.

26. By orders dated February 8, 2022, the Court denied ODP and Gotspace's motions to extend the automatic stay to several affiliated entities who were named as defendants in the Reach and Apply Actions. Case No. 22-10043-FJB, DE12; 27; 36. Case No. 22-10044-FJB, DE10; 29; 37.

### D. ODP and Gotspace file Applications to employ Masterson as successor general bankruptcy counsel for ODP and Gotspace.

27. ODP and Gotspace filed separate Applications to employ Masterson as successor general bankruptcy counsel on February 18, 2022. Case No. 22-10043-FJB, DE40. Case No. 22-10044-FJB, DE40.

28. The Applications state that "Attorney Perez-Kudzma has sought to

withdraw from this matter." *Id.* at 1.

29. Attorney Perez-Kudzma did not file her motion to withdraw until February 23, 2022, however. Case No. 22-10043-FJB, DE43; Case No. 22-10044-FJB, DE44.

30. The Applications state that the "Debtor is to provide Counsel with a $5,000.00 retainer if this application is granted . . . ." Applications at 2.

31. In the affidavits supporting the Applications, Masterson states:

> 4. To my knowledge neither I or my firm have or represents any interest adverse to the Debtor in this case. To my best knowledge, neither I, nor my firm have no connection with creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee with the exception of Counsel's representation of the Debtor, as a Reach and Apply Defendant in the Massachusetts State Court matters as well as in the Connecticut Superior Court matter. Further, Counsel represents Nicholas Fiorillo as a Reach and Apply Defendant in the aforementioned Massachusetts cases as well as individually in the Connecticut Superior Court matter.

Application at 3.

32. The Applications do not identify the Reach and Apply Actions and the Connecticut Superior Litigation by name and case number. They provide no description of the claims and defenses. They do not explain whether the defendants may be jointly and/or severally liable. They do not describe the scope of Masterson's work. Nor do they state whether ODP, Gotspace and Fiorillo have claims against one another or indemnity agreements. Applications.

### E. Fiorillo appears for ODP and Gotspace's third section 341 meetings and testifies under oath.

33. Fiorillo appeared for the debtors' third section 341 meeting on February 23, 2022 and was placed under oath.

34. He denied that he owned any interest in ODP, notwithstanding his signatures on the debtors' petitions, lists of equity security holders, certificates of corporate votes, schedules and SOFA and his responses to SOFA question 28. Case No. 22-10043-FJB, DE26 at 13. Case No. 22-10044-FJB, DE30 at 13.

35. Fiorillo testified that ORP and Ocean Development Real Estate Trust, a trust for which Fiorillo serves as trustee, owned the equity interests in ODP and that ORP and Ocean Development Trust, in turn, owned each other's equity.

36. The United States Trustee concluded the ODC meeting on February 23, 2022. *See* Case No. 22-10043-FJB at February 23, 2022 docket entry.

37. The United States Trustee continued the Gotspace meeting until Thursday, March 3, 2022 at 10:00 a.m. *Id.*

### I. STATUTORY FRAMEWORK

38. A debtor in possession assumes the rights and powers of a trustee under 11 U.S.C. 323(a) and 1107(a) and, therefore, is a fiduciary of "the estate

and its constituents," including creditors. *In re DN Associates*, 144 B.R. 195, 198-199 (Bankr. D. Me. 1992), *aff'd sub nom Casco Northern Bank, N.A. v. DN Associates (In re DN Associates)*, 3 F.3d 512, 514-515 (1st Cir. 1993); *see Commodity Futures Trading Com'n v. Weintraub*, 473 U.S. 343, 354 (1985*); Rome v. Braunstein*, 19 F.3d 54, 58 (1st Cir. 1994); *see also Bezanson v. Thomas (In re R & R Assocs. of Hampton)*, 402 F.3d 257, 266 (1st Cir. 2005) (stating that debtor in possession duties "include the maximization of the value of the debtor's assets").

39. Section 327(a) of the Bankruptcy Code ("Employment of professional persons") authorizes a debtor in possession, subject to court approval, to retain one or more professional persons to assist the debtor in fulfilling its fiduciary duties, provided that the person: 1) does not hold or represent an interest adverse to the estate; and 2) is disinterested. *Rome v. Braunstein*, 19 F.3d at 57-58. The requirements of section 327 cannot be taken lightly as "they serve the important policy of ensuring that all professionals appointed [pursuant to section 327(a)] tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities." *Id.*

40. Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that –

> (A) is not a creditor, an equity security holder, or an

insider;

(B) is not and was not, within 2 years before the filing of the petition, a director, officer, or employee of the debtor; and

(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.[2]

41. The Bankruptcy Code does not define "interest adverse," but courts have interpreted the term to mean:

> the possess[ion] or assert[tion] [of] mutually exclusive claims to the same economic interest, thus creating either an actual or potential dispute between rival claimants as to which . . . of them the disputed right or title to the interest in question attaches under valid and applicable law; or . . . [the possession of] a predisposition or interest under circumstances that render such a bias in favor of or against one of the entities.

*Id.* at 58.

42. Fed. R. Bankr. P. 2014 ("Employment of Professional Persons")

---

[2] "[T]he twin requirements of disinterestedness and lack of adversity telescope into a single hallmark . . . that address[es] the appearance of impropriety as much as its substance, to remove the temptation and opportunity to do less than duty demands . . . the purpose of the . . . disinterested requirement . . . was to prevent even the appearance of a conflict irrespective of the integrity of the person or firm under consideration . . . a 'disinterested' person should be divested on any scintilla of personal interest which might be reflected in his decision concerning estate matters . . . ." *In re Martin*, 817 F.2d 175, 181 (1st Cir. 1987) (internal quotation marks and citations omitted).

implements section 327(a) by requiring an estate professional to state in his employment application, among other things,

> any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the persons connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee . . . .

Fed. R. Bankr. P. 2014(a).

43. Section 329 of the Bankruptcy Code ("Debtor's transactions with attorneys") separately requires that an attorney representing the debtor "file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation . . . ." 11 U.S.C. § 329(a).

44. Fed. R. Bankr. P. 2016(b) ("Disclosure of compensation paid or promised to attorney for debtor") implements section 329(a). It requires an attorney for the debtor to "file . . . the statement required by § 329 of the Code including whether the attorney has agreed to share the compensation with any

other entity . . . ."

## ARGUMENT

## THE COURT SHOULD DENY THE APPLICATION

    **A.    Masterson's representing ODP, Gotspace and Fiorillo in the Reach and Apply Actions, and Fiorillo in the Connecticut Litigation, constitutes an actual conflict and/or a material adverse interest that disqualifies him under 11 U.S.C. § 327(a) from serving as counsel to ODP and Gotspace.**

45.    Based on Fiorillo's signatures on the debtors' petitions, lists of equity security holders, certificates of corporate votes, schedules and SOFA and his responses to their SOFA question 28, Fiorillo is an insider of both ODP and Gotspace. 11 U.S.C. § 101(31)(B)(iii) (defining "insider" of a corporation as a "person in control of the debtor"). Case No. 22-10043-FJB, DE26 at 13. Case No. 22-10044-FJB, DE30 at 13.

46.    Masterson's simultaneous representation of the ODP, Gotspace and Fiorillo in the Reach and Apply Actions, and of Fiorillo in the Connecticut Litigation, constitutes an actual conflict and/or material adverse interest that disqualifies him from serving as counsel to ODP and Gotspace under 11 U.S.C. §§ 101(31) and 327(a) and Fed. R. Bankr. P. 2014(a), because the debtors' estates and Fiorillo likely assert mutually exclusive claims to a common economic interest and/or have claims against one another, including for contribution or indemnity. *Rome v. Braunstein*, 19 F.3d at 57 -58. *In re Martin*, 817 F.2d at 181.

47.  Masterson's simultaneous representation of the debtors and their control person also risks that he might favor of one of them at the expense of another. *Id.* This is particularly true where, as here, Fiorillo holds $40,700,000 in pre-petition claims against Gotspace, Masterson has not yet received his retainer and the Debtors, absent a loan from Fiorillo, currently lack the funds to pay it. Case No. 22-10044-FJB, DE29 at 15.

48.  Accordingly, the Court should deny the Application.

**B.     Each Application fails to comply with the disclosure requirements of 11 U.S.C. §§ 327(a) and 329 and Fed. R. Bank. P. 2014 and 2016.**

49.  Each Application is deficient under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and MLBR 2014-1, because it does not adequately disclose the scope of Masterson's work in the Reach and Apply Actions and the Connecticut Litigation.

50.  Moreover, each Application fails to disclose Masterson's agreed-to terms of compensation, such as by flat fee or hourly billing, and any fee sharing arrangements as required by 11 U.S.C. §§ 329(b) and 504 and Fed. R. Bankr. P. 2016.

51.  These deficiencies constitute a separate basis for denying the Application.

**REQUESTED RELIEF**

For these reasons, the United States Trustee requests that the Court enter orders: 1) denying the Application; and 2) granting him all such other and further legal and equitable relief to which he may be entitled.

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION 1

Dated: February 28, 2022.

By: */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
PHONE: (202) 306-3815
FAX: (617) 565-6368
Eric.K.Bradford@USDOJ.gov

## CERTIFICATE OF SERVICE

I certify that on February 28, 2022, true and correct copies of the foregoing motion were served by CM/ECF only upon the individuals who filed notices of appearance in the Court's CM/ECF database, including counsel for the Debtor identified below.

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION 1

By: */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
PHONE: (202) 306-3815
FAX: (617) 565-6368

Dated: February 28, 2022. Eric.K.Bradford@USDOJ.gov

**BY CM/ECF:**

Shawn M Masterson on behalf of Debtor Ocean Development Partners, LLC
smasterson@sdmlawgroup.com

Carmenelisa Perez-Kudzma on behalf of Debtor Ocean Development Partners, LLC
carmenelisa@pklolaw.com, evan@pklolaw.com

David J. Reier on behalf of Interested Party Raymond C. Green, Inc.
david.reier@arentfox.com, dreier@pbl.com

## CERTIFICATE OF CONFERENCE

I certify that on February 25, 2022, I spoke by telephone with Attorney Masterson regarding the foregoing. We reached no agreement.

                                                Respectfully submitted,

                                                WILLIAM K. HARRINGTON
                                                UNITED STATES TRUSTEE
                                                REGION 1

                                By:    */s/ Eric K. Bradford*
                                                Eric K. Bradford BBO#560231
                                                Department of Justice
                                                John W. McCormack Post Office & Courthouse
                                                5 Post Office Square, 10th Floor, Suite 1000
                                                Boston, MA 02109-3934
                                                PHONE: (202) 306-3815
                                                FAX: (617) 565-6368
Dated: February 28, 2022.                    Eric.K.Bradford@USDOJ.gov