United States Bankruptcy Court
District of Massachusetts

| | |
|---|---|
| Ocean Development Partners, LLC | Chapter 11 22-10043 |
| Gotspace Data Equity Fund, LLC | Chapter 11 22-10044 |

### DEBTORS' *EMERGENCY* MOTION TO ENLARGE TIME TO RESPOND TO THE TRUSTEE'S MOTION TO CONVERT AND TO CONTINUE THE HEARING ON THE MOTION TO CONVERT

Ocean Development Partners, LLC and GotSpace Data Equity Fund, LLC Debtors-in-possession in the above-captioned matter (the "Debtor or Debtors"), respectfully requests this Court enters an Order enlarging the time to respond to the United States Trustee's Motion to Convert to Chapter 7 and the hearing thereon by thirty (30) days.   In support of this Motion, to Enlarge Time,  Debtor attaches the Supplemental Affidavit of its corporate manager, Nicholas Fiorillo and substantive supporting documents and communications, that the attorney for the Trustee requested to help clarify the record from Debtor's objected to counsel and Fiorillo.   During the 341 meetings, Eric Bradford (the "AUSA") requested and allowed Debtor to file amended schedules as well provide additional information.  The 341 meeting concluded on March 4, 2022.  On or about March 8, 2022,  AUSA emailed the proposed Motion to Convert   Earlier on the 8th, the undersigned emailed the AUSA that the Debtor was currently reviewing the schedules and updating any mistake/errors that were brought his attention.  Counsel further told the AUSA additional time was needed because the Debtor was attempting to bring in new counsel to assist.  The Motion to Convert was then filed on the morning of March 9, 2022, before the Debtor was able to amend and supplement the filings. Because of the Trustee's objection to the Application to Employ and Fiorillo's termination of Attorney Perez-Kudzma, the Debtor was without counsel.  The Debtor and Fiorillo were under extreme financial, emotional, and physical duress.  The Debtor and Fiorillo had to provide testimony at the 341 meeting without proper counsel.  As a result of Fiorillo's testimony at the 341 meeting, concerns were raised by the AUSA as to his mental health.  Instead of viewing the circumstances *in toto*, and affording the Debtor the opportunity to obtain

counsel, amend the schedules and present a feasible plan of reorganization, the Trustee moved to convert which is extremely prejudicial to the Debtors.

1. The principal of the Debtor, Nicholas Fiorillo ("Fiorillo") delivered to the AUSA via electronic communication evidence substantiating criminality on the part of the lenders, recordings thereof, and recordings of conversations wherein the lenders are heard threatening bodily harm to Fiorillo and his family and extorting property not due and owing to the creditors. Subsequently, Fiorillo caused the same salient facts of evidence to the Federal Bureau of Investigation. The veracity and future protection of Fiorillo now lies in the hands of the authorities. A copy of the email correspondence is annexed hereto as Exhibit A and is incorporated by reference.

2. Fiorillo's consistent testimony at the 341 meetings was impaired by the denial by the AUSA to afford him the right to competent counsel of his choice after the AUSA decided to disqualify the undersigned counsel. As a direct result of the AUSA's rulings the Debtors were not treated like all other debtors in the normal course of bankruptcy. Fiorillo felt he was bullied into proceeding as instructed, he was confused on the status of counsel and he was denied insufficient time to submit corrected amendments to schedules due the emergency nature of the Chapter 11.

3. His conduct at the 341 meetings elicited comments from the attorney for the Trustee that Fiorillo "wasn't well" and there was a concern for his health meaning that Fiorillo is somehow mentally impaired. To the extent that the Fiorillo has been prejudiced by the unusual set of circumstances and events, a Motion to Convert, without the Court granting Fiorillo the right to have counsel would be inequitable to the Debtor.

4. On or about March 10, 2022, counsel for the United States Trustee filed a Motion to Convert the Chapter 11 case under Chapter 7. The three main reasons in the Trustee's motion are: 1) Nicholas Fiorillo, ("Fiorillo") principal of the Debtor, was being evasive and not forthcoming in the 341 meeting, and 2) Attorney Bradford's concluded that Fiorillo's testimony was untruthful and 3) that it did not appear that the Debtor had any assets or any ability to reorganize.

5. At the first schedule 341 meeting, as explained by prior counsel, Fiorillo was out of the country on business and therefore unable to attend. The Trustee commenced the 341 meeting nonetheless prejudicing the Debtors. On the rescheduled 341 on February 18, 2022, Fiorillo appeared to the meeting late, as he was traveling on business and extenuating circumstances. Counsel requested that the meeting be continued to two weeks in order to advise Fiorillo properly prior to the 341 meeting. The meeting was continued to February 23, 2022, a mere five (5) day reprieve, again prejudicing the Debtors.

6. The Debtor sought a continuance of the 341 scheduled for February 23, 2022, as Fiorillo had just terminated Attorney Perez-Kudzma on February 18, 2022, and sought to retain the undersigned on February 18. Due to Fiorillo's travel schedule, the undersigned was unable to meet with and advise Fiorillo prior to the 341. That request to continue was denied.

7. On February 23, 2022, Fiorillo provided testimony for 2+ hours. Fiorillo did make the representation that 1) he believed he was at a disadvantage due to not being represented; 2) that the Debtor intended to propose a 100% Plan of Reorganization and 3) that Fiorillo contends that there is millions of dollars of equity in the various land purchase contracts in Connecticut, the development rights to the land in Connecticut and the real property in Massachusetts.

8. Shortly thereafter, the Trustee objected to the undersigned's application to be employed by the Debtor. The Debtor contends that this created a scenario in which the Debtor was effectively without counsel.

9. The Debtor requested to continue the 341 meetings in order to arrange for substitute counsel. These requests were denied, which placed the Debtor is a precarious position in moving forward while the status of counsel was in flux.

10. This lack of counsel has impinged the Debtor's ability to adequately prepare amended schedules and to put forth a proposed Plan of Reorganization.

11. It is evident from the testimony provided at the 341 meeting that the Debtor's schedules need to be amended to reflect the appropriate corporate structure and relation to the Debtor.  Fiorillo did express that the filing was done on an emergency basis to stop the actions of the creditors in the State Court.  Many of the mistakes in the schedules were done as a result of the rushed nature of the filing. This need to amend the schedules is further evidence of the need to the Debtor to obtain new counsel.

12. Throughout the 341 meeting, Fiorillo express his concern that there was no official counsel in place for the Debtor based upon the above.  As a result, Fiorillo was not adequately prepared.  The unintended consequence was that his responses were measured and interpreted as an effort to conceal information rather than a transparent explanation of the state of affairs of the Debtor. Fiorillo contends that this interpretation of his testimony is unfair and inequitable.

13. The Debtor is entitled to a hearing on this Motion to Enlarge Time not the above prejudices, but to correct this miscarriage of justice.

14. The Court will conduct a hearing on March 15, 2022, on Attorney Perez-Kudzma's Motion to Withdraw and the undersigned's Application to be Employed and objection thereto.

15. It is conceivable that on March 15, 2022, the Debtor will be left without counsel.[1]

16. Debtor's counsel is making every effort to bring in co-counsel and/or obtain successor counsel. Based upon the totality of the circumstances, the thirty (30) day enlargement of time is warranted.

17. There is no harm or prejudice to the two main creditors of the Debtor. Both creditors are aware that there are now millions of dollars available to the Debtor to fund a confirmable Chapter 11 Plan of Reorganization.  In addition to the mortgages which encumber property of the Debtor, the Creditors have sought through the State Courts to attach additional assets or related debtors.

18. These creditors have yet to file any proof of claims, provide the Debtor with an accounting of the debt owed and release of the tens of millions of dollars of other collateral they encumber.

---

[1] A motion to continue the March 15 hearing is also being filed.

19. An enlargement of time to properly respond to the Trustee's Motion to Convert and afford the Debtor the opportunity to provide sufficient information to quell the concerns of the Trustee as to the Debtor's ability to reorganize is warranted.

20. Part and parcel of the allegations submitted to the FBI, Fiorillo continues to have legitimate concerns for his financial and personal safety.

21. The Court should view the status of this case through the prism of the Debtor's lack of counsel, threats against Fiorillo, and the strong likelihood that the debt owed to the creditors will be addressed forthwith, based upon the funding now available to the Debtor. It would be inequitable for the Court to disregard the above and view Fiorillo as mentally impaired, recalcitrant and orchestrating a scheme to defraud creditors.

22. What is not in dispute is that it is in the best interest of the Debtor's estate for the creditors to be paid. The Debtor is in a position to now fund a plan of reorganization based upon its ability to now fund the plan.

23. Further with the evidence depicted in Fiorillo's affidavit along with recorded threats made upon Fiorillo and his family the AUSA must investigate the legitimacy of the alleged creditors for the benefit of the Estate.

24. At a minimum, the Debtors should be given the opportunity to have co-counsel and/or successor counsel in place with sufficient time for the same to respond to the Motion to Convert based on the totality of the circumstances.

25. The Debtor requests that the Court hold an evidentiary hearing on this matter.

WHEREFORE, the Debtor respectfully requests that the Court enlarge the time to respond to the Motion to Convert the case to one under Chapter 7 and continue the hearing on the Motion to Convert to Chapter 7 for a period of thirty (30) days.

Respectfully Submitted By<br>
Debtors,<br>
Through Counsel,<br>
<br>
/s/ Shawn M. Masterson<br>
Shawn M. Masterson,<br>
Shapiro Dorry Masterson, LLC,<br>
145 Waterman Street<br>
Providence, RI 02906<br>
BBO#658276<br>
smasterson@sdmlawgroup.com<br>
401-455-0002<br>
<br>
Dated: March 14, 2022

CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022 a truecopy of **Debtor's Motion to Enlarge Time** was served to all CM/ECF participants:

Office of the U.S. Trustee via ECF

```
 See Attached
mailing list via
first class mail
```

*/s/Shawn M. Masterson*
Shawn M. Masterson

18 Mill St. LLC

268 Newbury St.
Boston, MA 02116

Barry Bros. Disposal
P.O. Box 650040 Newton,
MA 02465-0040

Campbell Landscape, Inc.
P.O. Box 666
Barnstable, MA 02668-0666

Eversource 247 Station Drive
Westwood, MA 02090-2398

Franco's Painting 74 Nixon Rd.
Framingham, MA 01701

Loud Fuel Company
552 Thomas B. Landers Rd.
East Falmouth, MA 02536

National Grid
P.O. Box 11736 Newark, NJ 07101-1736

Ocean Development, LLC
3 Kales Way
Harwichport, MA 02646

Ocean Development Partners, LLC
268 Newbury St., 4th Floor
Boston, MA 02116

Ocean Luxury Real Estate
268 Newbury St., 4th Floor
Boston, MA 02116

Ocean Pools
161 Queen Anne Road
Harwich, MA 02645-2406

P&M Site Services
10 Orange Rd.
Nantucket, MA 02554

Raymond C. Green Companies
155 Federal Street, Suite 1300
Boston, MA 02110

Rex Electric

2045 Main St.
Mashpee, MA 02649

Todd Stamoulis
c/o Jennifer L. Conrad, Esquire
SEDER & CHANDLER, LLP
Burnside Building 339 Main Street
Worcester, MA 01608-1585

Tom Landscape, fnc.
61 Old South Rd.
Nantucket, MA 02554

Town of Nantucket Water Dept.
1 Milestone Road
Nantucket, MA 02554-6097

Town of Newton Assessors Dept.
1000 Commonwealth Avenue
Newton,MA 02459-1449

Town of Newton
Water & Sewer Division
1000 Commonwealth Avenue
Newton, MA 02459-1449

Town of Yarmouth Assessors
Dept. 1146 Route 28
South Yarmouth, MA 02664-4491

Town of Yarmouth
Water Department
99 Buck Island Road
West Yarmouth, MA 02673-3672

United Site Services NE
P.O.  Box  5502
Binghamton, NY 13902-5502

Waste Management
68 Hopkinton Rd.
Westborough, MA O1581

Xfinity
5 Omni Way
Chelmsford, MA 01824-4142

David J. Reier
Arent Fox LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199-8004