UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| OCEAN DEVELOPMENT | ) | |
| PARTNERS, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor | ) | Case No. 22-10043-FJB |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GOTSPACE DATA EQUITY | ) | |
| FUND, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor | ) | Case No. 22-10044-FJB |
| | ) | |

## NOTICE OF ORAL DEPOSITION ACCOMPANIED BY DOCUMENT PRODUCTION REQUEST (WITH CERTIFICATES OF SERVICE AND CONFERENCE) (AND STIPULATION)

TAKE NOTICE that William K. Harrington, the United States Trustee for Region 1, will take the deposition of Connecticut Attorneys Title Insurance Company ("CATIC") through its designated representative, Mr. Anthony Lombardi, its VP and Associate General Counsel, under Fed. R. Civ. P. 30, as made applicable to contested matters under Fed. R. Bankr. P. 9014 on **Friday, April 15, 2022 beginning at 10:00 a.m. EST.**

The deposition will be conducted remotely and recorded stenographically.

1

THIS NOTICE IS ACCOMPANIED by a subpoena under Fed. R. Civ. P. 45

that requires CATIC to produce documents at or before the time of the deposition.

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION 1

By:      */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
PHONE: (202) 306-3815
FAX: (617) 565-6368
Dated: April 10, 2022.        Eric.K.Bradford@USDOJ.gov

## CERTIFICATE OF SERVICE

I certify that on April 10, 2022, true and correct copies of the foregoing notice and the attached subpoena were served:

- by CM/ECF upon the individuals who filed notices of appearance in the Court's CM/ECF database, including counsel for the debtors, Ocean Development Partners, LLC and Gotspace Data Equity Fund, LLC; and

- email to David Hill, Esq. and Walter Paulekas, Esq., counsel for CATIC, who have agreed to accept service on CATIC's behalf, and Jeffrey Hellman, Esq., counsel for Raymond C. Green Funding, LLC and Raymond C. Green, Inc.

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION 1

By:     */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
PHONE: (202) 306-3815
FAX: (617) 565-6368
Dated: April 10, 2022.     Eric.K.Bradford@USDOJ.gov

**BY CM/ECF:**

Michael Brier on behalf of Creditor S&Q Data LLC
michael.brier@gesmer.com

Michael Brier on behalf of Creditor Jacob L Spitalny
michael.brier@gesmer.com

Michael Brier on behalf of Creditor Samuel B Spitalny
michael.brier@gesmer.com

Michael Brier on behalf of Creditor Stephen Quillinan
michael.brier@gesmer.com

Sean W. Gilligan on behalf of Creditor S&Q Data LLC
sean.gilligan@gesmer.com, connie.ballou@gesmer.com

Sean W. Gilligan on behalf of Creditor Jacob L Spitalny
sean.gilligan@gesmer.com, connie.ballou@gesmer.com

Sean W. Gilligan on behalf of Creditor Samuel B Spitalny
sean.gilligan@gesmer.com, connie.ballou@gesmer.com

Sean W. Gilligan on behalf of Creditor Stephen Quillinan
sean.gilligan@gesmer.com, connie.ballou@gesmer.com

Robert Girvan on behalf of Debtors Ocean Development Partners, LLC
and Gotspace Data Equity Fund, LLC
rgirvan@weinerlegal.com,
dgoebel@weinerlegal.com;mshapiro@weinerlegal.com

David J. Reier on behalf of Creditor Raymond C. Green, Inc.
david.reier@afslaw.com, dreier@pbl.com

Gary M. Weiner on behalf of Debtors Ocean Development Partners, LLC
and Gotspace Data Equity Fund, LLC
GWeiner@Weinerlegal.com,
mshapiro@weinerlegal.com;weiner.garyr111286@notify.bestcase.com

**BY EMAIL:**

David Hill, Esq.
Walter Paulekas, Esq.
Ford & Paulekas, LLP
280 Trumbull Street
Hartford, CT  06103
(Counsel for CATIC)

4

Jeffrey Hellman, Esq.
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT  06510
(Counsel for Raymond C. Green Funding, LLC and Raymond C. Green, Inc.)

### CERTIFICATE OF CONFERENCE AND STIPULATION

I certify that on April 7 and 8, 2022, I exchanged emails with Gary Weiner, Esq. and Robert Girvan, Esq., counsel for the debtors, David J. Reier, Esq., counsel for Raymond C. Green, Inc., and David Hill, Esq. and Walter Paulekas, Esq., counsel for CATIC, regarding the deposition of CATIC's designated representative, Mr. Anthony Lombardi, its VP and Associate General Counsel. The parties agreed on the date, time and means of conducting the deposition.

**The parties stipulate that that the deposition may be taken remotely by an assigned court reporter from any location in the United States, and the oath administered remotely by the same court reporter, pursuant to Fed. R. Bankr. P. 7029, 7030, and 9014.**

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION 1

By:   */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
PHONE: (202) 306-3815
FAX: (617) 565-6368
Dated: April 10, 2022.                    Eric.K.Bradford@USDOJ.gov

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding (12/15)

# UNITED STATES BANKRUPTCY COURT

District of  Massachusetts

In re ___Ocean Development Partners, LLC, Case No. 22-10043-FJB, and GotSpace Data Equity Fund, LLC, Case No. 22-10044-FJB___

Debtor**s**

*(Complete if issued in an adversary proceeding)*

Case No. _____

Chapter ___11___

_____

Plaintiff

v.

Adv. Proc. No. _____

_____

Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Anthony Lombardi, VP and Associate General Counsel of Connecticut Attorneys Title Insurance Company c/o David Hill, Esq., Ford & Paulekas, LLP, 280 Trumbull Street - Suite 2200, Hartford, CT 06103 (BY EMAIL)**

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE  Remotely via Zoom | DATE AND TIME **Friday, April 15, 2022, beginning at 10:00 a.m.** |
|---|---|

The deposition will be recorded by this method:    Remotely via Zoom and recorded stenographically.

[X] *Production*: You, or your representatives, must also produce              the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **The documents described in the attached Exhibit "A" at or before the deposition in pdf format.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

ERIC BRADFORD   Digitally signed by ERIC BRADFORD Date: 2022.04.10 13:04:28 -04'00'

_____
*Attorney's signature*
Eric K. Bradford, Trial Attorney

The name, address, email address, and telephone number of the attorney representing *(name of party)* William K. Harrington, United States Trustee, Region 1  , who issues or requests this subpoena, are:

Eric K. Bradford, 5 P.O. Square, 10th Fl., Suite 1000, Boston, MA 02109-3934, Eric.K.Bradford@USDOJ.gov

**Notice to the person who issues or requests this subpoena**

(202) 306-3815

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: _____

By email on April 10, 2022 to David Hill, Esq. and Walter Paulekas, Esq., who agreed to accept service on behalf of CATIC
and its designated representative, Mr. Anthony Lombardi.

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: April 10, 2022
_____

ERIC BRADFORD
Digitally signed by ERIC
BRADFORD
Date: 2022.04.10 13:05:18 -04'00'

_____
*Server's signature*

Eric K. Bradford, Trial Attorney
*Printed name and title*

United States Trustee, 5 P.O. Square, Suite 1000
Boston, MA 02109-3934
(202) 306-3815      *Server's address*
Eric.K.Bradford@USDOJ.gov

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT "A"

**I.**

**INSTRUCTIONS**

1.      You are required to respond to this request for production of Documents (as defined herein) and tangible things by drawing on all materials in your possession, ownership, custody, or control, actual or constructive, including materials that you have a right to secure from any other source.  These sources include, but are not limited to, your employees, agents, managing agents, attorneys, representatives, accountants, clients, investment bankers, consultants, advisors, officers, directors, or representatives of any type whatsoever.  These sources further include, but are not limited to, your predecessors, successors, parents, subsidiaries, affiliates, divisions, and their respective employees, agents, managing agents, attorneys, representatives, accountants, clients, investment bankers, consultants, advisors, officers, directors, or representatives of any type whatsoever.

2.      If any Document or tangible thing herein requested was, but no longer is, in your possession or subject to your control, whether actual or constructive, state what disposition was made of the Document or tangible thing, why such disposition was made, to whom the Document or tangible thing was transferred or delivered if applicable, where the Document or tangible thing presently is located, and the date or dates (or approximate date or dates) on which such disposition was made.

3.      In the event that you file a proper and timely objection to any portion of any individual request for the production of Documents or tangible things presented herein, you are required to respond to all other portions of that request that do not fall within the ambit of your objection.

4.      If any portion of any Document or tangible thing is responsive to any production request herein, then the entire Document or tangible thing must be produced.  If any requested Document or tangible thing cannot be produced in full, then you must produce that Document or tangible thing to the greatest extent possible.  Whenever a document or tangible thing is not produced in full, or is produced in redacted form, you must indicate such on the Document or tangible thing produced.

**5.      If any Document or tangible thing responsive to a production request herein is withheld in whole or in part, for any reason whatsoever, including, but not limited to, any claim of privilege, confidentiality, or**

trade secret, then you must state with respect to each such **Document, tangible thing, or withheld portion thereof: (a) the privilege or ground under which it is being withheld; (b) a description of the subject matter thereof; (c) the identity of its author or creator; (d) the identity of all persons to whom it is addressed and all persons to whom copies thereof have ever been furnished; (e) the date thereof; and (f) the current custodian and location thereof.**

6.   If there do not exist Documents or tangible things responsive to a specific production request herein, then you must indicate such in your written response hereto.

7.   The Documents or tangible things produced in response hereto shall be segregated and clearly marked or labeled so as to correspond to the specific production requests to which such Documents or tangible things are responsive and are being produced.  Otherwise, such Documents or tangible things shall be produced as they are kept in the usual course of business, including the production of files from which such Documents or tangible things are taken.

8.   This is a continuing request for production of Documents and tangible things.  Thus, if after making your initial production(s), you become aware of any additional responsive Documents or tangible things in your possession, ownership, custody or control (actual or constructive), including materials which you have a right to secure from any other source, you are required without further request to produce, or to make available for inspection or copying, such additional Documents or tangible things.

9.   **Unless otherwise specified in any individual request, you must produce all responsive Documents generated or created at any time up to and including the present.**

## II.
## DEFINITIONS

1.   **CATIC.**  The term "CATIC" means Connecticut Attorneys Title Insurance Company.

2.   **Communication**.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by

any means, including, without limitation, email, text, telephone or in writing of any kind.

3.    **Concerning**.    The term "concerning" means referring to, describing, evidencing, or constituting.

4.    **Connecticut Superior Court Action.**    The term "Connecticut Superior Court Action" means the lawsuit filed on or about December 16, 2021 and styled *Raymond C. Green Funding, LLC and Raymond C. Green, Inc. v. Ocean Development Precinct I, LLC, Ocean Development Partners, LLC, Nicholas Fiorillo and Connecticut Attorneys' Title Insurance Co.*, HB-CV22-5030673-S.

5.    **Deposits.**    The term "Deposits" means the cash deposits under the P&S Agreements that have been or are being held by CATIC and referenced in the Connecticut Superior Court Action.

6.    **Documents**. The term "documents" includes, but is not limited to, the following materials: any and all papers, documents, correspondence, letters, manuals, computer disks (including floppy diskettes, zip disks, CD-ROMs and hard drives), backup tapes, data electronically stored (including archival and backup copies of files containing data, as well as files or parts of files which may have been deleted by the user but which are nevertheless recoverable by any means), other data, photographs, videos, surveys, drawings, films, schematics, other computer generated information, handwritten or typewritten notes, charts, graphs, publications, diagrams, journals, calendars, diaries, logs, log books, messages, reports, or any other papers or writings or communications or summaries thereof.

7.    **Gotspace**. The term "Gotspace" means Gotspace Data Equity Fund, LLC, the chapter 11 debtor in Case No. 22-10044-FJB.

8.    **ODP**. The term "ODP" means Ocean Development Partners, LLC, the chapter 11 debtor in Case No. 22-10043-FJB.

9.    **Person**. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

10.    **P&S Agreements.**    The term "P&S Agreements" means the contracts to purchase real properties in Connecticut referenced in the Connecticut Superior Court Action.

3

11.    **Refer or Refers to**.  The term "refer" or "refer to" means mentioning, discussing, making reference to or relating to in any way.

12.    **Relate or Relates to**.  The term "relate" or "relates to" means constituting, defining concerning embodying, reflecting, identifying, stating, referring to, dealing with or in any way pertaining to.

13.    **Schedule.**  The term "Schedule(s)" means Gotspace' s (DE29) February 2, 2022 bankruptcy schedules.

14.    Where appropriate, the use of the singular includes the plural and the use of the plural includes the singular.

## III.
## REQUESTED DOCUMENTS AND TANGIBLE THINGS

The terms defined in Section II above have the same meaning here.  **The United States Trustee requests that CATIC produce to his counsel, in pdf format, by email, drop box or some other mutually agreeable means**, and permit him to inspect and to copy the following:

1.    The P&S Agreements as delivered to CATIC.

2.    A list, if any, of Deposits and their associated P&S Agreements, sellers, buyer(s), property descriptions, status and/or any other relevant information.

3.    All documents, if any, relating to Gotspace's assertion in its Schedule "A/B" that its assets include "P&S Deposits on Land held CATIC Titler and Sellers" (sic) totaling $5,500,000.

4.    All documents, if any, demonstrating that Gotspace has an interest in the P&S Agreements or the Deposits, whether in its own name or through ODP or Ocean Development Precinct I, LLC or any other entity or person.

5.    All documents, if any, concerning, or which record, reflect or relate to communications between CAITC and Gotspace regarding the P&S Agreements or the Deposits.