UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| OCEAN DEVELOPMENT | ) | |
| PARTNERS, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor | ) | Case No. 22-10043-FJB |
| | ) | |

**UNITED STATES TRUSTEE'S SUPPLEMENT TO
HIS SECOND MOTION TO CONVERT
OCEAN DEVELOPMENT PARTNERS, LLC'S
CHAPTER 11 CASE TO CHAPTER 7
(WITH CERTIFICATE OF SERVICE)**

William K. Harrington, the United States Trustee for Region 1, supplements his second motion (DE46) to convert the chapter 11 case of Ocean Development Partners, LLC ("ODP") to chapter 7 to add a count under 11 U.S.C. § 1112(b)(4)(A) (substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation), because:

1. ODP has failed to pay post-petition real estate taxes on its real estate assets to the City of Newton, Massachusetts totaling $53,979.50;

2. interest continues to accrue on the oversecured claim of its principal creditor, Raymond C. Green, Inc. ("Green"), under 11 U.S.C. § 506(b); and

3. it cannot rehabilitate, because its first exit strategy - refinancing its debt to Green - is speculative, and its second - liquidating its assets – does not constitute rehabilitation under subsection (A).

In support, the United States Trustee says:

## SUPPLEMENT

By orders dated April 5, 2022, after hearing on notice, this Court determined "that cause to convert [ODP's chapter 11 case and that of its affiliate, Gotspace Data Equity Fund, LLC, Case No. 22-10044-FJB ("Gotspace")] to one under chapter 7 exists under 11 U.S.C. section 1112(b)(4), including, but not limited to, the following: (B) (gross mismangement of the estate), (F) (unexcused failure to satisfy timely reporting requirements), (G) (failure to attend the meeting of creditors without good cause), (H) (failure timely to provide information requested by the U.S. Trustee). The Debtor failed in its submissions and at the hearing to challenge the facts alleged in support of the foregoing. The Court shall convene an in-person evidentiary hearing on April 19, 2022, at 1:00 P.M. under 11 U.S.C. section (b)(2) and (b)(2)(A) and (B) . . . ." DE70. Case No. 22-10044-FJB at DE71.

At the debtors' request, and with the assent of the United States Trustee and Green, the Court rescheduled the hearing for April 28, 2022, beginning at 9:30 a.m. DE75. Case No. 22-10044-FJB at DE76.

It is not disputed that ODP and Gotspace have failed to comply with the United States Trustee's Operating Guidelines and Reporting Requirements by,

among other things, timely submitting monthly operating reports ("MORs"). *Compare* DE46 at 10 *with* DE64 at 2 (ODP's objection, admitting the same) *and with* DE70.  The MORs require chapter 11 debtors to report accrued but unpaid post-petition bills.

ODP claims as its primary assets two homes located at 190 Mount Vernon Street and 156 Grant Avenue, Newton, Massachusetts. *Compare* DE46 at 11 *with* DE64 at 2 (ODP's objection, admitting the same) *and with* DE70.  The properties collateralize Green's claim.  DE27 at 10-11.  The debtors have no employees and have booked no income for the last several years.  DE27 (schedules and SOFA).  Case No. 22-10044-FJB at DE29 (schedules); 30 (SOFA).

According to the City of Newton, ODP owes $53,979.50 in unpaid, post-petition taxes on the properties through Q1, 2022.[1]  A true and correct of tax statements on the properties issued by the City of Newton are attached hereto for all purposes as Exhibit 1.

At the April 5, 2022 hearing, ODP, through its counsel, stated that its bankruptcy exit strategies were **1)** to obtain financing in 30 days to take out Green, or **2)** to liquidate the homes.

> I think there's an opportunity here that something can be done in
> a quick time period.  I'm not talking 60 days, 90 days.  I'm talking

---

[1] The Newton tax statements show that ODP's past due pre and post-petition real estate tax liabilities total approximately $149,193.55.  *Id.*

3

>about 30 days that we're in a position that either we provided proof, whether redoing the schedules, providing the debtor-in-possession financing so that Mr. Green gets paid, and if that's not there, then the Court – certainly I would understand if the Court goes ahead and converts the case . . . But what a Chapter 7 trustee won't do, he's not necessarily in a position . . . to maximize the value because in that instance the trustee is limited – the sale is as-is/where-is, which in today's market may be a good thing. If you sell a piece of property in Newton maybe that will work. That's why I suggested to the Court early on that this debtor be given an opportunity to do a – certain debtor-in-possession financing or a 363 sale with a short order. And I mean 30 days, Your Honor.

DE78 at 26; 37 (hearing transcript).

Based upon information and belief and subject to further discovery, ODP will not meet its 30 day deadline to obtain take out financing.

On cross-examination, the debtors' proposed financial advisor, Mr. Donald Stukes, conceded:

- that the debtors had no loan agreements with the two prospective lenders whom he had promoted and no loan commitments. *Id.* at 57-61 ("I cannot represent to you that this DIP financing is in place today and I would not represent that . . . .");

- that the aggregate value for [the two properties] is seven to eight million dollars . . ." *Id.* at 60 (contradicting counsel's representation that they were worth $6,000,000 each) *Id.* at 60); and

- that the Newton homes are "not totally gutted, but there needs to be some fair amount of work in each one . . . . (*Id.* at 61.

In its response supporting the conversion motion, Green stated that its

4

mortgage debt was "approximately $6.6 million as of" the January 14, 2022 petition date. DE50 at 1.[2]

Based on these facts, additional "cause" to convert ODP's chapter 11 case to chapter 7 exists under 11 U.S.C. § 1112(b)(4)(A) (substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation). *Andover Covered Bridge, LLC v. Harrington (In re Andover Covered Bridge, LLC)*, 553 B.R. 162, 171-172 (B.A.P. 1st Cir. 2016).

Under the first prong, ODP is accruing post-petition interest on Green's oversecured loan under 11 U.S.C. § 506(b) and City of Newton real estate taxes that it cannot pay. Exhibit 1.

Under the second, ODP's first bankruptcy exit strategy – obtaining financing to take out Green's mortgages - is speculative, particularly where, as here, it has no operations that generate cash (*e.g.*, rents). *See Hover v. Harrington (In re Hoover)*, 828 F.3d 5, 10 (1st Cir., 2016) (holding that "Although the question of rehabilitation under section 1112(b)(4)(A) is not synonymous with reorganization . . . the debtor still must have sufficient business prospects . . . to justify continuance of a reorganization effort . . ." and affirming conversion under subsection (A)).

---

[2] ODP, in its schedule "D," listed Green's mortgage claims as $8,300,000 and "disputed." DE27 at 10.

Moreover, ODP's second bankruptcy exit strategy - liquidating the Newton properties - does not constitute rehabilitation under subsection (A). *In re Andover Covered Bridge, LLC.*

In *Andover Covered Bridge*, the First Circuit BAP affirmed an order converting a chapter 11 debtor's case to chapter 7 under subsection (A) based on similar facts.

The BAP held that the first prong was satisfied, where, as here, the debtor was accruing post-petition interest on mortgage debt collateralized by its sole asset and post-petition real estate taxes that it could not pay through operations. *Id.* at 174 ("This finding is supported by the record, which demonstrates that the Debtor's estate had virtually no income and was unable to pay its mortgage . . . the Debtor also admitted that post-petition interest and costs continued to accrue on the Secured Party's claim, and real estate taxes continued to accrue on the Property. In light of this evidence, the bankruptcy court's finding as to the first prong of § 1112(b)(4)(A) was not clearly erroneous . . . .")

The BAP found that the second prong was satisfied, where, as here, the debtor's proposed bankruptcy exit strategy was to liquidate its real estate asset. "[R]ehabilitation does not include liquidation . . . Courts usually require the debtor do more than manifest unsubstantiated hopes for a successful reorganization . . . ." *Id.* at 174-175 (internal punctuation and citations omitted).

6

For these reasons, the Court should alternatively convert ODP's chapter 11 case to chapter 7 under 11 U.S.C. § 1112(a)(4)(A).

Conversion is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1). DE46.

                                                Respectfully submitted,

                                                WILLIAM K. HARRINGTON
                                                UNITED STATES TRUSTEE
                                                REGION 1

                                    By:    */s/ Eric K. Bradford*
                                                Eric K. Bradford BBO#560231
                                                Department of Justice
                                                John W. McCormack Post Office & Courthouse
                                                5 Post Office Square, 10th Floor, Suite 1000
                                                Boston, MA 02109-3934
                                                PHONE: (202) 306-3815
                                                FAX: (617) 565-6368
Dated: April 13, 2022.           Eric.K.Bradford@USDOJ.gov

## CERTIFICATE OF SERVICE

I certify that on April 13, 2022, true and correct copies of the foregoing supplement to the United States Trustee's second motion to dismiss were served only by CM/ECF upon the individuals who filed notices of appearance in the Court's CM/ECF database, including counsel for ODP identified below.

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION 1

By: */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
PHONE: (202) 306-3815
FAX: (617) 565-6368

Dated: April 13, 2022.   Eric.K.Bradford@USDOJ.gov

**BY CM/ECF:**

Robert Girvan on behalf of Debtor Ocean Development Partners, LLC
rgirvan@weinerlegal.com, dgoebel@weinerlegal.com;mshapiro@weinerlegal.com

David J. Reier on behalf of Interested Party Raymond C. Green, Inc.
david.reier@afslaw.com, dreier@pbl.com

Gary M. Weiner on behalf of Debtor Ocean Development Partners, LLC
GWeiner@Weinerlegal.com,
mshapiro@weinerlegal.com;weiner.garyr111286@notify.bestcase.com